18805

Daniel R. McLEOD, Attorney General, Complainant, v. William E. CHANDLER, Jr., Respondent

(162 S. E. (2d) 256)

*Messrs. Daniel R. McLeod, Attorney General,* and *Ben T. DeBerry, Assistant Attorney General,* of Columbia, *for Complainant,*

*Benny R. Greer, Esq.,* of Darlington *for Respondent,*

June 27, 1968.

*Per Curiam:*

This disciplinary proceeding is before us on a rule requiring the respondent, William E. Chandler, Jr. (who was

admitted and qualified to practice law by this court in 1948), to show cause why a report of the Board of Commissioners on Grievances and Discipline finding him guilty of misconduct as an attorney and recommending his disbarment should not be confirmed.

The respondent did not file a return to the rule in compliance with Section 14 of our rule on disciplinary procedure. Prior, however, to the hearing date, he filed a petition in which he stated that he did not desire to further protest the proceedings and requested that the court accept a proffered resignation on his part, without any right to seek reinstatement. The finding of the Board that respondent has been guilty of professional misconduct warranting his disbarment is not challenged and is fully supported by the evidence adduced before the hearing panel. There is, accordingly, no necessity for stating or reviewing the factual details of his misconduct.

There is at least grave doubt as to whether Supreme Court Rule 31 would require that a proffered resignation from an attorney, whose disbarment has already been recommended, be referred to the Board of Commissioners on Grievances and Discipline. The respondent, however, was given the benefit of any doubt and his proffered resignation was, by order of this court, referred to the Board for its consideration and recommendation as to the propriety of the acceptance of such. The Board has now recommended that such resignation be not accepted.

While there is not complete unanimity of opinion among the members of the court as to the present disposition of the matter, a majority is of the view that respondent's resignation should, under all of the circumstances, be rejected. Accordingly, the respondent's motion to be allowed to resign is denied.

The findings and recommendations of the Board are approved. The respondent, William E. Chandler, Jr., is hereby disbarred from the practice of law in this state. He shall

within five days of the service of this order upon him surrender his certificate of admission to practice law to the clerk of this court for cancellation.